UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Western Surety Co.,

          Plaintiff,

   –v–

Bykev Int'l Inc., et al.,

          Defendants.

14-cv-9673 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

This is a commercial dispute between Plaintiff Western Surety Company ("Western"), a South Dakota corporation licensed to do business in New York as a surety, and Bykev International, Inc. ("Bykev"), a California corporation that imports industrial merchandise. Also named as defendants are Kevin Kang and Che W. Song, the President and Vice-President of Bykev, respectively. Defendants move to dismiss the complaint under Rule 12(b)(5) for insufficient service of process. For the reasons below, their motion is DENIED. Nonetheless, Western must cure its defective attempt at service within thirty (30) days of this Memorandum & Order.

## I.    BACKGROUND

Because this motion concerns the adequacy of service of process, the substantive facts of the case are not of particular relevance at this juncture. Briefly summed, Bykev is a an importer of industrial merchandise and is therefore subject to United States Customs taxes, duties, assessments, and possible penalties. *See* Compl. ¶ 8. Pursuant to federal law, Bykev was required to furnish to the United States Customs Service a bond to guarantee their statutory and regulatory obligations. *Id.* ¶ 9. On August 27, 2003, Bykev hired Western to post an Importer or

Broker Bond on its behalf. *Id.* ¶ 10. Western executed the bond and delivered it to the United

States Customs Service on November 7, 2003. *Id.* ¶ 11. As part of the transaction, Bykev

provided Western with written Indemnity Agreements meant to protect Western against any

liability under the bond. *Id.* ¶ 12.

Jumping forward over a decade, in late April 2014, the United States Customs Service

issued formal demands against Bykev for the sum of $687,947.00. *Id.* ¶ 13. Western now

alleges that Bykev refuses to honor the Indemnity Agreements and seeks specific performance

and attorney's fees. *Id.* ¶¶ 16-23.

Western commenced this action on December 8, 2014. *See* Dkt. No. 1. On January 14,

2015 it filed an affidavit of service indicating that service was made on the Defendants on

December 29, 2014 at 2:40pm at 2340 Enrico Fermi Drive, San Diego, CA 92154. *See* Dkt. No.

5. The affidavit reveals that service was accepted by "Mr. Jay Chung – Office Manager &

Custodian of Record." *Id.* Service was performed by a registered California process server. *Id.*

In affidavits attached to their motions papers, the Defendants contend that Jae Chung has

no affiliation with Bykev and that 2340 Enrico Fermi Drive is not an office or home address for

any of the Defendants. *See* Affirmation of David Cohen ¶ 3. They further affirm that Mr. Chung

was never designated as an agent for service for Bykev or its officers. *Id.* ¶ 4. *See generally*

Declaration of Kevin Kang; Affidavit of Che W. Song. Defendants also supply an affidavit from

Mr. Chung himself, in which he states that he informed the process server that Bykev had not

been operating on those premises for over a year, that neither Kang nor Song had any offices

there, and that he was not a designated agent for service of process for any of the Defendants.

*See* Affidavit of Jae Chung.

## II.    LEGAL STANDARD

2

On a motion to dismiss pursuant to Rule 12(b)(5) for deficient service of process, "the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan,* 360 Fed. Appx. 202, 203 (2d Cir. 2010) (internal quotation marks omitted); *see TAGC Mgmt., LLC v. Lehman,* 842 F. Supp. 2d 575, 580 (S.D.N.Y. 2012). A plaintiff must meet this burden by making a *prima facie* case of proper service "through specific factual allegations and any supporting materials," *Kwon v. Yun,* No. 05–cv–1142, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006), and conclusory statements alone are not sufficient to overcome a defendant's sworn affidavit that service was improper, *Darden v. DaimlerChrysler N. Am. Holding Corp.,* 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "If service of process was not sufficient, the Court has discretion to dismiss the action, but dismissal is not mandatory." *Id. See also Rankel v. Town of Somers,* 999 F. Supp. 2d 527, 535-36 (S.D.N.Y. 2014).

## III. DISCUSSION

The Federal Rules of Civil Procedure provide that an individual may be served within the United States either by (a) delivering a copy of the summons and complaint to the individual personally; (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e)(2)(A)-(C). The rules also allow for service in accordance with the law of the state where service is made (i.e. California) or where the district court overseeing the case is located (i.e. New York). *See* Fed. R. Civ. P. 4(e)(1). Both states allow for service of process in a manner that mirrors the federal rules.[1] The rules further provide that a corporation may be served in

---

[1] In California, a summons may be served by "personal delivery of a copy of the summons and of the complaint to the person to be served," *see* California Code of Civil Procedure § 415.10, "leaving a copy of the summons and complaint during usual office hours in [the party's] office, or, if no physical address is known, at his or her usual mailing address," *id.* § 415.20(a), or "leaving a copy of the summons and complaint at the person's dwelling house,

3

accord with Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an

officer, a managing or general agent, or any other agent authorized by appointment or by law to

receive service of process . . ." *See* Fed. R. Civ. P. 4(h).  Again, both California and New York

allow for similar methods of serving a corporation.[2]

Western, which bears the burden of demonstrating sufficient service, claims that its

attempt at service was adequate under N.Y. CPLR § 308(2).  *See* Affirmation of Michael P.

O'Connor ("O'Connor Decl.") ¶ 2.  That provision requires, *inter alia*, that service be made "by

delivering the summons within the state to a person of suitable age and discretion at the actual

place of business . . . of the person to be served."[3]  Western contends that it complied with this

requirement by serving the office manager at 3240 Enrico Fermi Drive, Bykev's alleged actual

place of business.  In support of this assertion, Western attaches a business information report,

dated May 24, 2014, which lists Bykev's address as 2340 Enrico Fermi Dr., Ste 110, San Diego,

CA 92154."  *See* Dkt. No. 15-2.

---

usual place of abode, usual place of business, or usual mailing address . . ." *Id.* § 415.20(b).  New York law is
similar, allowing for service "by delivering the summons within the state to the person to be served; or . . . by
delivering the summons within the state to a person of suitable age and discretion at the actual place of business,
dwelling place or usual place of abode of the person to be served . . ." N.Y. CPLR § 308.

[2] In California, a corporation may be served by delivering a copy of the summons "(a)  To the person designated as
agent for service of process . . . (b) To the President, chief executive officer, or other head of the corporation, a vice
president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a
general manager, or a person authorized by the corporation to receive service of process." *See* California Code of
Civil Procedure § 416.10(a)-(b).  In New York, service may be made "to an officer, director, managing or general
agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."
*See* N.Y. CPLR § 311(a).

[3] Section 308(2) requires that service be made "within the state," i.e. within New York.  *See Shaoulian-Tehrani v.
Khatami*, 06-cv-6868 (DC), 2008 WL 1790386, at *1 (S.D.N.Y. Apr. 21, 2008).  However, N.Y. CPLR § 313 states
that an out of state individual "may be served with the summons without the state, in the same manner as service is
made within the state."  Because the parties do not brief this issue, and because it is not necessary to adjudication of
Defendants' motion, the Court does not address whether Western's attempt at service in California complies with
this particular element of section 308(2).  *See Velez v. Novartis Corp.*, 04-cv-9194 (GEL), 2006 WL 903228, at *1
n.2 (S.D.N.Y. Apr. 5, 2006).

Plaintiff has not adequately established that it served Bykev at its "actual place of business" in compliance with section 308(2). Plaintiff's sole piece of evidence, the business information report, establishes nothing other than that Bykev may have been located at 3240 Enrico Fermi Drive as late as May 24, 2014. But the "actual place of business is a defendant's business address at the time of service, and not when the cause of action arose." *Jackson v. Cnty. of Nassau*, 339 F. Supp. 2d 473, 478 (E.D.N.Y. 2004). The business information report offers no insight as to where Bykev's actual place of business was located on December 29, 2014 – the date of service. Western provides no other evidence or detail establishing that, as of December 29, 2014, the Defendants regularly transacted business at 3240 Enrico Fermi Drive or that they were physically present there with regularity. *See Selmani v. City of New York*, 100 A.D.3d 861, 861 (N.Y. App. Div. 2012) ("A person's 'actual place of business' must be where the person is physically present with regularity, and that person must be shown to regularly transact business at that location.") Plaintiff has therefore failed "to establish by a preponderance of the evidence that service was properly effected at [Defendants'] actual place of business." *Samuel v. Brooklyn Hosp. Ctr.*, 88 A.D.3d 979, 980 (N.Y. App. Div. 2011).

Although this conclusion may appear hyper-technical in light of the fact that Defendants became aware of this action shortly after the attempt at service, New York courts have held that "CPLR 308(2) requires strict compliance and the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made." *Rosario v. NES Med. Servs. of New York, P.C.*, 105 A.D.3d 831, 833 (N.Y. App. Div. 2013). *See also Pearson v. Bd. of Educ. of City of New York*, 02-cv-3629 (RCC), 2004 WL 2297354, at *4 (S.D.N.Y. Oct. 12, 2004) (quoting *McCray v. Petrini,* 622 N.Y.S.2d 815, 816 (N.Y. App. Div. 1995)) ("it is well-established that CPLR 308(2) requires strict compliance"). Accordingly, "since the statutory

requirements for service of process were not met, it is irrelevant that the appellant had actual

notice of the lawsuit." *Cont'l Hosts, Ltd. v. Levine*, 170 A.D.2d 430, 430 (N.Y. App. Div. 1991).

Because Western does not provide any other basis for sufficiency of service, the Court concludes

that they have failed to adequately effect service on the Defendants.

      The Court next must determine whether the complaint should be dismissed in light of the

Plaintiff's failure to effectively serve Defendants. *See DeLuca v. AccessIT Grp., Inc.*, 695 F.

Supp. 2d 54, 66 (S.D.N.Y. 2010). "Fed. R. Civ. P. 4(m) provides that if service is not made upon

a defendant within 120 days after filing of the complaint, the action shall be dismissed as to that

defendant unless good cause for the failure to serve is shown." *Crossen v. Bernstein*, 91-cv-3501

(PKL), 1994 WL 281881, at *3 (S.D.N.Y. June 23, 1994). Under Rule 4(m), the Court *must*

extend the time to serve if plaintiff has shown good cause, and *may* extend the time to serve even

in the absence of good cause. *See* Fed. R. Civ. P. 4(m) advisory committee's note (1993

Amendments) ("[Rule 4(m)] explicitly provides that the court shall allow additional time if there

is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes

the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there

is no good cause shown."); *Henderson v. United States,* 517 U.S. 654, 658 n.5, 662-63

(1996); *Harper v. N.Y.C. Admin. for Children's Servs.,* 09-cv-2468, 2010 WL 23328, at *2

(S.D.N.Y. Jan. 5, 2010).

      It has been more than 120 days since Western filed its complaint. *See* Dkt. No. 1. Even

if it still were within that time period, Western, which offers up little more than a one page

affidavit in support of its attempted service, provides no detail as to whether it undertook a good

faith effort to locate Bykev's actual place of business at the time of service. Similarly, the record

demonstrates that Western has not undertaken any effort to remedy its defective service since

Defendants filed their Rule 12(b)(5) motion.  Accordingly, the Court concludes that no good cause has been shown for extending Western's time to serve.

The Court therefore must consider whether it is appropriate to extend Western's time to serve in spite of its apparent lack of good faith effort.  "In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca*, 695 F. Supp. 2d at 66 (collecting cases).  *See also Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).

Three of these factors favor an extension in this case.  Based on when they filed their Rule 12(b)(5) motion, Defendants became aware of this action relatively soon after Western attempted service and therefore had actual notice of the claims against them.  *See* Dkt. No. 9. Similarly, nothing before the Court suggests Western deliberately attempted to conceal its defective service.  The speed with which Defendants learned of this action reinforces that conclusion.  Further, the Defendants do not claim to have experienced any prejudice as a result of the defective service.  *See* Dkt. Nos. 10, 16.  Conversely, "[b]ecause it does not appear that the statute of limitations would bar this action from being refiled, the first factor is the only one that favors dismissal." *DeLuca*, 695 F. Supp. 2d at 67.  *Cf. Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) ("Since the statute of limitations has run, the first factor favors granting plaintiff relief.")

Considering these factors in tandem, the Court concludes that Western's insufficient service does not warrant dismissal of its complaint.  This conclusion is bolstered n light "of this

Circuit's clearly expressed preference that litigation disputes be resolved on the merits." *Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 346 (S.D.N.Y. 1996) (citing *Cody v. Mello,* 59 F.3d 13, 15 (2d Cir. 1995); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993)).  Accordingly, Western is hereby ORDERED to cure their defective service within thirty (30) days of this order. Failure to do so will result in dismissal.

## IV.   CONCLUSION

In conclusion, Defendants' motion to dismiss the complaint for insufficient service of process is DENIED.  Nonetheless, Plaintiff must, within thirty (30) days from the date of this Memorandum & Order, remedy its failure to properly serve the Defendants.  Once Plaintiff has successfully served Defendants, the Court will at that time set an Initial Pretrial Conference in order to set a schedule for the case.  This resolves Dkt. No. 9.


SO ORDERED.


Dated: Sept 1, 2015
          New York, New York

ALISON J. NATHAN
United States District Judge

8